

# GRIESING LAW LLC

Dina Leytes, Esq.
Direct Dial: 215.732.3924
dleytes@griesinglaw.com

March 21, 2013



MAR 2 1 2013

**VIA HAND DELIVERY**

Michael E. Kunz, Clerk of Court
United States District Court, Eastern District of Pennsylvania
U.S. Courthouse
601 Market Street, Room 2609
Philadelphia, PA 19106-1797

Re:    **Hater Pruuf, Inc. v. MEE Apparel, Inc.** *et al* **5:13-cv-00763**

MAR 2 1 2013

Dear Mr. Kunz:

Our firm, Griesing Law, LLC (the "Firm") represents five out of the seven defendants in the above referenced matter, MEE Apparel, LLC, Iconix Brand Group, Inc., DrJays.com, Macy's Inc. and Amazon.com, Inc. (the "Jointly Represented Defendants"). Plaintiff Hater Pruuf, Inc. ("Hater Pruuf") is a Texas corporation purporting to appear *pro se*. To date, Hater Pruuf has filed requests for entry for default judgment against Iconix Brand Group, Inc., DrJays.com, Macy's Inc. and Amazon.com, Inc. among the Jointly Represented Defendants (collectively, the "Requests for Entry for Default Judgment"). We write to request that you take no action against any of Jointly Represented Defendants in connection with the Requests for Entry for Default Judgment at this time for the reasons set out below.

Hater Pruuf has failed to serve any of the Jointly Represented Defendants. None of the Jointly Represented Defendants received the Summons and Complaint together as required under Rule 4(c) of the Federal Rules of Civil Procedure. Notwithstanding the fact that Hater Pruuf did not properly serve the Jointly Represented Defendants, and after being put on notice by the Firm that proper service was not made, Hater Pruuf filed a Request for Entry for Default Judgment Against DrJays.com (ECF 4), a Request for Entry for Default Judgment Against Amazon.com, Inc., CafePress, Inc., Macy's, Inc. and Zazzle.com, Inc. (ECF 6) and a Request for Entry for Default Judgment Against Iconix Brand Group, Inc. (ECF 16). *See attached* Exhibit A (Letter dated March 13, 2013 from Francine Friedman Griesing to Hater Pruuf) and Exhibit B (Letter dated March 18, 2013 from Sir James on behalf of Hater Pruuf to Francine Friedman Griesing). Hater Pruuf's submissions in support of the Requests for Entry for Default are

Hater Pruuf, Inc. v. MEE Apparel, LLC *et al.*
March 21, 2013
Page 2

defective for a number of reasons, including the fact that they represent that Hater Pruuf did serve the defendants against whom it seeks entries of default judgment.  Finally, Hater Pruuf has declined to allow the Firm to accept waiver of service on behalf of the Jointly Represented Defendants.  *See* Exhibit B.

In addition, Hater Pruuf, a corporation, is appearing *pro se* in this matter.  "The law in this Circuit is clear that a corporation may not appear *pro se.*" *Star Creations Inv. Co. v. Alan Amron Dev.*, 1995 U.S. Dist. LEXIS 11967, at 22 (E.D. Pa. Aug. 18, 1995) (citing *Simbraw, Inc. v. United States,* 367 F.2d 373 (3d Cir. 1966).  As a courtesy to Hater Pruuf as a *pro se* plaintiff, in a phone call on March 13, 2013, as well in the Firm's March 13, 2013 letter, the Firm informed representatives for Hater Pruuf James Foster II (aka Sir James) and Dr. Narongsak Boonswang that (1) Hater Pruuf had not made proper service on the Jointly Represented Defendants, (2) the Firm would accept waiver of service on behalf of the Jointly Represented Defendants, and (3) Hater Proof could not proceed in federal court as a corporation that is not represented by counsel.  Hater Pruuf was therefore on notice of the fact that it is impermissible for a corporation to appear *pro se* when it filed the Requests for Entry for Default Judgment.

The Jointly Represented Defendants are headquartered throughout the United States and the Firm is presently coordinating a response on their behalf.  In light of the foregoing, we request that you permit the Jointly Represented Defendants until Thursday, March 29, 2013, to submit a response to the filings made by Hater Pruuf.  In the alternative, we request that you strike the Requests for Entry for Default Judgment because it is impermissible for Hater Pruuf to appear *pro se.*

Enclosed is a self-addressed, stamped envelope.  Please return a copy of this letter with a time-stamp on it.  Thank you for your assistance.

Sincerely,

Dina Leytes

Cc:

Hater Pruuf, Inc.
James Foster II aka Sir James
sirjameshaterpruuf@gmail.com

# EXHIBIT A

# GRIESING LAW<sub>LLC</sub>

Francine Friedman Griesing, Esq.
Direct Dial: 215.618.3721
fgriesing@griesinglaw.com

March 13, 2013

**VIA ELECTRONIC MAIL WITH RECEIPT AND FIRST CLASS MAIL**

Hater Pruuf, Inc.
James Foster II aka Sir James
54 Millbrook Court
Easton, PA 18045
sirjameshaterpruuf@gmail.com

Re:    Hater Pruuf, Inc. v. MEE Apparel, LLC *et al.*

Dear Mr. Foster:

Our firm, Griesing Law, LLC has been retained to represent MEE Apparel, LLC, Iconix Brand Group, Inc., DrJays.com, Macy's Inc., and Amazon.com, Inc. (collectively, the "Represented Defendants") in connection with the above-captioned case.  Please be advised that we expect to enter our appearance in this matter on behalf of the Represented Defendants shortly.  We may also be representing the remaining defendants and hope to be able to confirm that soon.

We attempted to contact you twice on March 11 and March 12, 2013 at the phone number listed in the complaint to discuss this case, and spoke with you this afternoon about the matters addressed here.  We are writing to you to provide additional details and to inform you in writing that none of the Represented Defendants have been properly served in this case: MEE Apparel, LLC did not receive a summons or a complaint; Iconix Brand Group, Inc., received a summons and complaint separately; DrJays.com and Macy's, Inc. each received a summons, but neither received a complaint; and Amazon.com, Inc. received a complaint, but not a summons.

We understand that you are not represented by counsel at this time.  Because Hater Pruuf, Inc. is purporting to appear *pro se*, Defendants have authorized us to spare you the expense and effort of perfecting service. Without waiver of our any objections Represented Defendants may have to Hater Pruuf, Inc. attempting to appear without counsel even though it is a corporation, we are willing to waive service on their behalf pursuant to Rule 4(d) of the Federal Rules of Civil Procedure.  Under Rule 4(d), Represented Defendants will then have sixty

Hater Pruuf, Inc. v. MEE Apparel, LLC *et al.*
March 13, 2013
Page 2

(60) days to respond to Hater Pruuf, Inc.'s Complaint.  If you agree, please send us a summons for each of the Defendants and a copy of this letter signed by you in the enclosed envelope. We must receive all of the summonses and a copy of this letter with your signature by no later than March 19, 2013.   We will then prepare and send to you the signed waivers of service. Additionally, we would like to discuss this dispute in further detail and urge you to contact us at your earliest convenience.

Sincerely,

Francine Friedman Griesing

Encl.

AGREED TO AND ACCEPTED:

_____

James Foster II aka Sir James
Hater Pruuf, Inc.
March _____, 2013

1717 Arch Street  |  Suite 3630  |  Philadelphia, Pennsylvania 19103
P 215.618.3720  |  F 215.814.9049  |  www.griesinglaw.com

# EXHIBIT B

# Hater Pruuf, Inc.

Sir James CEO                                          March 18, 2013
Hater Pruuf, Inc.
54 Millbrook Court
Easton, PA  18045
Direct Phone 610-710-6735
Email:  sirjameshaterpruuf@gmail.com

## Via Electronic Mail with Receipt and First Class Mail

Griesing Law LLC
Francine Friedman Griesing, Esq
Direct Dial 215.618.3721
fgriesing@griesinglaw.com

## RE:  Hater Pruuf, Inc. . . . .vs MEE Apparel, LLC, et al.

Dear Attorney Griesing:

We thank you for your response in this matter.  Hater Pruuf was not represented by counsel at the time the lawsuit was filed so we feel that it is not in our best interest to accept your offer sent to us via e-mail by Attorney Leytes on March 13, 2013 and received via standard mail on March 17, 2013.  The letter stated that several of your clients were not properly served in the above lawsuit.  However, as of March 18, 2013 we have received one e-mail from you and have had one phone conversation and have no satisfactory proof that your clients were not properly served.  Furthermore, none of the defendants had informed Hater Pruuf, Inc. that they were not properly served *prior* to the twenty-one day deadline stated in the Summons.

Hater Pruuf, Inc. will consider your request to drop all the charges against the other defendants (Iconix Brand Group, Macy's, DrJays, Amazon.com) and allow MEE Apparel, LLC to take full responsibility if there is a reasonable settlement offered.

Sincerely,

Sir James